United States District Court
Southern District of Texas

**ENTERED**

January 13, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

|  |  |  |
|---|---|---|
| IN RE MARCO A. RAMIREZ, | § | |
| | § | |
| | § | CIVIL ACTION NO. 7:15-CV-228 |
| Petitioner. | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION

Petitioner Marco A. Ramirez, with retained counsel, initiated this action by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Docket No. 1.)  He challenges the constitutionality of his imprisonment resulting from a civil contempt order.  District Judge Randy Crane held Petitioner in contempt after finding that he failed to comply with a turnover order issued in a securities fraud action, *U.S. Sec. & Exch. Comm'n v. Ramirez et al.*, 7:13-cv-531.  Judge Crane stayed his order to allow Petitioner to seek mandamus relief.  Petitioner was taken into custody after the Fifth Circuit denied his petition for mandamus in which he challenged the constitutionality of the contempt proceedings.  *In re Ramirez*, 605 F. App'x 361 (5th Cir. 2015).

After this habeas action was filed, Judge Crane provisionally released Petitioner and ultimately purged his contempt in light of his subsequent compliance with the turnover order.  Given Petitioner's release from custody, the undersigned concludes that this action is now moot.  For the reasons discussed further below, it is recommended that Petitioner's § 2241 petition for writ of habeas corpus be denied as moot and that this action be dismissed.

## I.  BACKGROUND

In 2010, Petitioner, along with his wife, "formed USA Now LLC to participate in the Immigrant Investor Program known as the EB-5 [visa] program."  (Docket No. 1, at 1.)  The EB-

5 visa program is intended to benefit the U.S. economy by giving foreign individuals an incentive to invest in the United States.  If foreign investors meet certain conditions, they are given a legal path to U.S. residency.  Sometime after USA Now LLC was formed, Petitioner and his company became the subject of a federal criminal investigation.  *See In re Seizure of 2011 Dodge Ram 3500*, No. 7:13-mj-1303.  On September 30, 2013, the Securities and Exchange Commission filed a civil action against Petitioner, his wife, and several related companies, alleging that Petitioner and the other defendants had engaged in securities fraud.  (*See* Civ. Action No. 7:13-cv-531, Docket No. 1.)  The SEC alleges that the defendants diverted funds from foreign investors for personal use and other unauthorized purposes, including, for example, the purchase of a luxury vehicle.  (*Id.*)  Defendants' fraudulent activities allegedly included a *Ponzi*-type scheme in which new investor funds were used to make a payment to an existing investor.  (*Id.*)

In the securities fraud action, the District Court "issued an order appointing a receiver and required [Petitioner] to: (i) provide sworn statements of accounting for assets, bank accounts, expenditures and the like; and (ii) turn over to the Receiver all securities, monies, and property of any kind that are in their possession or control."  (Docket No. 1, at 3.)  Petitioner later submitted an "Asset Schedule" to the Receiver, who employed an accounting firm to perform an "Accounting Report."  (*Id.* at 4-5.)  The Accounting Report found (among other things) that $500,000 was unaccounted for.  (Civ. Action No. 7:13-cv-531, Docket No. 97-1, at 5.)  As noted in the Report, Petitioner stated in a memo that he had received the $500,000 in cash, which was delivered to him in a shopping bag.  (*Id.*)

In light of this, the District Court entered an order requiring Petitioner to turn over the $500,000 to the Receiver no later than September 19, 2014.  (Civ. Action No. 7:13-cv-531,

Docket No. 100.)  When Petitioner did not return the money, the Court set a hearing to determine whether Petitioner complied with the Court's order and, in the event of non-compliance, to show cause why Petitioner should not be held in contempt.  (Civ. Action No. 7:13-cv-531, Docket No. 105.)  After a number of hearings, including an evidentiary hearing at which Petitioner was given the opportunity to present evidence, Judge Crane found by clear and convincing evidence that Petitioner failed to comply with the turnover order and ordered that he be "incarcerated until he complied with the Court's order or at such time as he proved impossibility or some other defense to the turnover order."  (Civ. Action No. 7:13-cv-531, Docket No. 172.)  However, Judge Crane stayed the contempt order until Petitioner had the opportunity to seek appellate review.

Petitioner filed two petitions for writ of mandamus, the first of which was dismissed for lack of jurisdiction.  In Petitioner's second mandamus petition, he challenged the contempt order on several grounds, including the sufficiency of the evidence supporting the District Court's finding and the constitutionality of the contempt proceedings.  *See In re Ramirez*, 605 F. App'x 361, 363-65 (5th Cir. 2015).  The Fifth Circuit rejected these arguments, holding that the District Court's ruling was supported by clear and convincing evidence and that Petitioner's Fifth Amendment privilege against self-incrimination was not violated.  *Id*.

After the Fifth Circuit denied his mandamus petition, the District Court lifted the stay of its contempt order and ordered Petitioner to surrender to the U.S. Marshals Service by April 6, 2015.  (Civ. Action No. 7:13-cv-531, Docket No. 199.)  About a month later, on May 15, 2015, Petitioner filed the instant § 2241 petition for writ of habeas corpus.  (Docket No. 1.)  Petitioner alleges that his continued imprisonment for civil contempt has "evolved [into] criminal incarceration" and asserts various theories in support of the proposition that his incarceration violates his rights under the U.S. Constitution.  Petitioner failed to name a Respondent when he

filed his § 2241 petition, although he asserts that a copy of the petition was sent "Certified Mail-RRR" to the "United States Attorney's Office" in McAllen, Texas.[1]   (Docket No. 1, at 18; *see also* Docket No. 2, at 3.)   This case was referred to the undersigned on July 13, 2015.

On July 15, 2015, Judge Crane granted Petitioner a reprieve from the contempt order and ordered that he be provisionally released from custody.   (Civ. Action No. 7:13-cv-531, Docket No. 235.)   As noted in the order, the Receiver had advised the Court that Petitioner paid $250,000 as a partial return of the $500,000; the Court stated that Petitioner's reprieve would continue pending an evidentiary hearing to address the remaining funds at issue.   (*Id.*)

Later, Petitioner submitted an additional $200,000 to the Receiver and agreed to provide an accounting for the remaining $50,000.   (Civ. Action No. 7:13-cv-531, Docket No. 269.) Based on Petitioner's payments totaling $450,000 and his agreement to account for the remaining $50,000, the Court entered an order finding that all issues had been resolved regarding the contempt order and that Petitioner's contempt was purged.   (*Id.*)

## II. ANALYSIS

"The grant of subject matter jurisdiction to the federal courts found in Article III of the United States Constitution extends only to actual 'cases' and 'controversies.'"   *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citing U.S. CONST. art. III, § 2).   "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage

---

[1] "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"   *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242).   "[T]here is generally only one proper respondent to a given prisoner's habeas petition[, . . . namely], 'the person' with the ability to produce the prisoner's body before the habeas court."   *Padilla*, 542 U.S. at 434-35.   Stated another way, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."   *Id.* at 435.   "[S]imply because the challenged physical custody does not arise out of a criminal conviction" does not mean "that a habeas petitioner could name someone other than his immediate physical custodian as respondent."   *Id.* at 439.   Here, Petitioner's failure to name a proper respondent is, like his § 2241 petition, now a moot point.

of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). "With the designation of mootness comes the concomitant designation of non-justiciability." *Id.* Mootness may be found when (1) the issues presented are no longer live, or (2) a party lacks a legally cognizable interest in the outcome (also referred to as the "personal stake requirement"). *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980).

A person incarcerated for civil contempt is "in custody" for purposes of invoking habeas jurisdiction under 28 U.S.C. § 2241.  *See Fernos–Lopez v. Figarella Lopez,* 929 F.2d 20, 23 (1st Cir. 1991); *see also Leonard v. Hammond,* 804 F.2d 838, 840 (4th Cir. 1986) (indigents, imprisoned for civil contempt for failure to pay child support, could challenge constitutionality of confinement in habeas corpus action); *Ridgway v. Baker,* 720 F.2d 1409 (5th Cir. 1983) (habeas granted to civil contemnor imprisoned for nonsupport).  In the instant matter, Petitioner was incarcerated for civil contempt at the time he filed the pending § 2241 petition.  He alleged that his continued imprisonment for civil contempt violated his rights under the U.S. Constitution.  (Docket No. 1, at 11-16.)  As relief for the alleged violation of his constitutional rights, Petitioner requests "that this Honorable Court grant the writ of habeas corpus and order his immediate release from custody." (*Id.* at 16.)

However, Petitioner is no longer in custody.  The District Court provisionally released Petitioner from his civil contempt incarceration on July 15, 2015, and the Court later found, by order dated December 17, 2015, that "all remaining issues related to the Court's prior Contempt Orders" had been resolved. (*U.S. Sec. & Exch. Comm'n v. Ramirez et al.*, 7:13-cv-531, Docket Nos. 235, 269.)  The Court purged Petitioner's contempt as a result of his compliance with the turnover order by returning $450,000 and agreeing to account for the remaining $50,000. (*U.S. Sec. & Exch. Comm'n v. Ramirez et al.*, 7:13-cv-531, Docket No. 269.)

Because Petitioner has been released from custody and because there are no unresolved issues relating to the civil contempt proceedings that he challenges in this action, Petitioner's § 2241 habeas petition should be dismissed as moot.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's § 2241 habeas petition (Docket No. 1) be DENIED and that this action be DISMISSED as moot. It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[2]

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to counsel for Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 12, 2016.

Peter E. Ormsby
United States Magistrate Judge

---

[2] A petitioner "proceeding under § 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal."  *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).